**Jerry Randolph McBEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–97–01443–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 13, 1998.

Jerome Godnich, Jr., R. Scott Shearer, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before COHEN, WILSON and NUCHIA, JJ.

## OPINION

COHEN, Justice.

Appellant filed this writ of habeas corpus, claiming his prosecution for being a felon in possession of firearm was barred by the doctrine of collateral estoppel. The trial judge denied relief. We affirm.

### Procedural History

Appellant was tried in no. 746,077 in the 179th District Court of Harris County for aggravated assault, and on July 15, 1997, a jury found him not guilty.

Less than 24 hours later, on July 16, 1997, appellant was charged by complaint in no.

---

1. Appellant claimed self-defense in the assault case. The State conceded at the July 17, 1997 hearing in no. 758,068 that self-defense was a jury issue in the aggravated assault case (no. 746,077), and at that same hearing, appellant argued that the jury found he had acted in self-defense in the aggravated assault case.

758,068 in the 179th District Court with possessing a firearm. On July 17, 1997, appellant moved to dismiss no. 758,068, asserting:

> Since the jury acquitted Mr. McBee of the aggravated assault, they found grounds for the necessary use of the weapon.[1] The prosecution is now collaterally estopped from alleging the new offense since the jury has already made a finding as to an element that negates the new offense.

Appellant also asserted that refiling the case constituted prosecutorial misconduct because it was done vindictively in order to punish him for winning an acquittal in the aggravated assault case. Appellant's motion to dismiss prayed "that this Honorable Court will order this case dismissed and from further prosecution." Although the case was in the 179th District Court, the motion was not heard by the judge of that court. It was ruled on by the Honorable Doug Shaver. Judge Shaver wrote "granted" on the motion and signed it on July 17, 1997. Judge Shaver was then the elected judge of the 262nd District Court of Harris County.

Appellant was subsequently indicted in the 179th District Court for the same offense, being a felon in possession of a firearm, in no. 759,228.[2] He sought pretrial habeas corpus relief (the case at bar, no. 770,512), alleging collateral estoppel and double jeopardy as bars to prosecution of no. 759,228. Appellant contended that Judge Shaver had already ruled that any further prosecution was barred, and that Judge Wilkinson, the elected and presiding judge of the 179th District Court, should, without further inquiry, grant habeas relief, based on Judge Shaver's order. Instead, Judge Wilkinson denied habeas relief. This appeal followed.

### Issues Presented

In his first issue, appellant asserts Judge Wilkinson erred in denying relief because appellant's prosecution for firearm possession under these facts was previously dis-

---

2. It is undisputed that both firearms cases (758,-068 and 759,2228) were based on appellant's acts during the alleged aggravated assault.

missed with prejudice by Judge Shaver. Appellant contends the State may not avoid the effect of Judge Shaver's order by refiling the same charges. We disagree.

## 1. Was Judge Shaver's dismissal void on its face?

The State asserts the dismissal order (no. 758,068) was void because as judge of the 262nd District Court, Judge Shaver had no power to dismiss a case in the 179th District Court. We disagree.

District judges may exchange districts or hold court for each other when expedient. TEX. CONST. art. V, § 11; *Pendleton v. State*, 434 S.W.2d 694, 696–97 (Tex.Crim.App.1968); TEX. GOV'T CODE ANN. § 24.303(c) (Vernon 1988); TEX. GOV'T CODE ANN. § 74.094(a) (Vernon Supp.1998). The reporter's record of the hearing in 758,068 on July 17, 1997 states that Judge Shaver did so and was presiding as judge of the 179th District Court.

■ Nothing on the face of Judge Shaver's order shows that he lacked power to adjudicate when he signed appellant's motion to dismiss no. 758,068 in the 179th District Court. We therefore hold that the order is not void on its face.

## 2. Was Judge Shaver's order shown by evidence to be void because he lacked power to rule?

The State contends that Judge Shaver could have properly ruled on preliminary matters as a "magistrate," with limited power, but not as a district judge, with the full power to adjudicate. For support, the State relies in part on the following unsworn statements made during the habeas corpus hearing in the case at bar, no. 770,512:

JUDGE WILKINSON: You wish to be heard?

THE STATE: Yes, your honor. First of all, in relation to what's before the Court

as the application for writ of habeas corpus, the State would take issue with page one, entitled course of proceedings, where it refers that the Honorable Doug Shaver was sitting as a visiting judge. Judge Shaver is not a visiting Judge. Judge Shaver is an elected Judge of the 262nd District Court. He was not a visiting Judge at that time. The visiting judge was sitting on this bench for Judge Wilkinson, and that was Woody Densen sitting.as a visiting Judge.[3] And Judge Shaver somehow got ahold of the case and *granted a motion to dismiss on a complaint* that had just been filed without any authority to do so.

JUDGE WILKINSON: That's— well, up to that point, it's true. He was not a visiting judge. He is an elected judge in the 262nd District Court, and there was a visiting judge on this bench. So that would be correct, yes.

THE STATE: *It's the State's contention that he had no authority to dismiss a complaint.* His authority was limited to the ability to set bond and find probable cause, and he did not have authority to dismiss the complaint that had not yet been presented to the Grand Jury.

JUDGE WILKINSON: He could find probable cause, but that was about the extent of it.

(Emphasis supplied.)

Appellant did not dispute at that hearing, nor on appeal, that Judge Shaver dismissed a complaint, not an indictment or an information. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997) (attorney's unsworn statements regarding ultimate issue, heard without objection to lack of oath, constitute "some evidence"). Rather, on appeal, appellant assumes that to be true and contends that "whether the dismissal came before or after indictment is of no consequence."[4] We disagree.

---

**3.** More than one judge may simultaneously conduct judicial proceedings in the same district court. *Ex parte Holmes*, 754 S.W.2d 676, 680 (Tex.Crim.App.1988). Thus, Judge Densen's presence would not be inconsistent with Judge Shaver's exercise of authority.

**4.** The State's pleading in no. 758,068 is not in the appellate record, but appellant admits the State filed a complaint, not an indictment or an information, on July 16, 1997, the day before Judge Shaver dismissed the case. Based on that fact, on the above quoted discussion of counsel at the habeas hearing, and on the discussion of the

Texas Constitution art. V, § 12(b), provides:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. . . . *The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.*

(Emphasis supplied.)

 Article V, § 12(b) mandates either an indictment or an information to invest a district court with jurisdiction. *Garcia v. Dial,* 596 S.W.2d 524, 527–28 (Tex.Crim.App. 1980) ("[I]t is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case."). The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established law.' *Id.* (quoting from *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069 (Tex.1926)).

When Judge Shaver dismissed this case, there was no indictment or information, only a complaint. It is the custom in Harris County for district judges, before the return of an indictment, to sit as a magistrate on complaints filed in their court, as well as substituting for each other in that capacity. *See State ex. rel. Holmes v. Salinas,* 784 S.W.2d 421, 424 (Tex.Crim.App.1990); TEX. CODE CRIM. P. ANN. art. 2.09 (Vernon Supp. 1998). In *Salinas,* the Court of Criminal Appeals addressed the authority of a district judge sitting as a magistrate:

The duties and authority attending to the role of magistrate "within the meaning of" the Code of Criminal Procedure are clearly set out in Arts. 2.10 and 2.11, V.A.C.C.P. A magistrate is provided the authority to hold an examining trial by virtue of Art. 16.01, V.A.C.C.P.

*Salinas,* 784 S.W.2d at 424. The traditional and statutory purposes of an examining trial are to determine whether probable cause exists, to set bail, to appoint counsel, and to perpetuate the testimony of witnesses. *Id.;* TEX.CODE CRIM. P. ANN. art. 16.01 (Vernon Supp.1998). The court further pointed out that Government Code § 21.001 (Vernon 1988) describes the authority of a court, as well as its limits and conditions, providing that a court has all the powers necessary for exercise of its jurisdiction. However, the court noted that "a court of limited jurisdiction, such as an examining court, is not provided with greater authority than necessary to fulfill its statutory role." *Salinas,* 784 S.W.2d at 426.

 Because there was no indictment when Judge Shaver dismissed the case, he had only the power to act as a magistrate, the same authority a justice of the peace has under TEX.CODE CRIM. P. ANN. art. 2.09 (Vernon 1981). That power does not include the authority to rule on collateral estoppel or to dismiss a case with prejudice.

 Because the dismissal with prejudice on grounds of collateral estoppel was beyond Judge Shaver's authority as a magistrate, the order was void. Therefore, contrary to appellant's assertion that the State had to appeal the dismissal, the State was free to ignore the collateral estoppel finding and seek further prosecution by seeking an indictment. *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Crim.App.1993) (a void judgment of a trial court "need not be respected" and may be disregarded by a trial court seeking successive prosecution). *See Salinas,* 784 S.W.2d at 427 (district judge's order that prosecutor not present case to grand jury was void); *Ex parte Robinson,* 641 S.W.2d 552, 555–56 (Tex.Crim.App.1982) (discharge at examining trial does not bar subsequent indictment); TEX.CODE CRIM. P. ANN. arts. 11.56–.57 (Vernon 1977) (defendant discharged on habeas corpus before indictment may not be detained again for the same offense until he is indicted).

We overrule the first issue for review.

 Appellant frames issue number two as follows:

issue in appellant's brief, we conclude that Judge Shaver dismissed a complaint, not an informa- tion or an indictment.

The jury charge in the aggravated assault case instructed the jury that before it could find appellant guilty of aggravated assault, it was necessary for it to find before a reasonable doubt that appellant used a firearm in that offense. The jury found appellant not guilty. Does this collaterally stop appellant's current charge alleging possession of the very same weapon?

We answer this question in the negative. The jury charge in the aggravated assault case is not part of the appellate record. Moreover, nothing indicates that the jury acquitted appellant of aggravated assault because it believed he did not possess the firearm. On the contrary, appellant testified he shot the complainant in self-defense. Appellant argued that very thing in convincing Judge Shaver to dismiss cause no. 758,068. He stated: "They found Mr. McBee had used self-defense when using the weapon that he was charged with in that case."

In the alternative, appellant contends the jury acquitted him because his conduct was justified by necessity, which is also a defense to a felon possessing a firearm. *See Vasquez v. State,* 830 S.W.2d 948, 950–51 (Tex.Crim. App.1992). We have no jury charge from the aggravated assault case, and neither party contends that the jury was instructed on necessity. Thus, appellant has not shown that issue was decided in his favor. *See generally Johnson v. State,* 650 S.W.2d 414, 416 (Tex.Crim.App.1983) (self-defense is not a defense to the crime of possessing a firearm on licensed premises).

We overrule the second issue for review.

In appellant's third issue for review, he contends he should prevail because the indictment was not admitted in evidence. The record contains indictment no. 759,228, and we assume the judge took judicial notice of it.

We overrule the third issue for review.

In the fourth issue for review, appellant contends that double jeopardy bars his prosecution for being a felon in possession of a firearm because that crime is a lesser included offense of the aggravated assault allegation of which he was acquitted.

 Appellant contends that the crime of possession of a firearm is established by proof of the same or less than all the facts required to establish the aggravated assault alleged in no. 746,077. Even if this is true, appellant cannot prevail. He is not now charged with possession of a firearm. Rather, he is charged with possession of a firearm by a felon, an additional element that is not part of the offense of aggravated assault. Consequently, there is no jeopardy bar. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); TEX.CODE CRIM. P. ANN. art. 37.09 (Vernon 1981).

We overrule the fourth issue for review.

The judgment is affirmed.