

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 1, 2006

The Honorable Elizabeth Murray-Kolb
Guadalupe County Attorney
101 East Court Street, Suite 104
Seguin, Texas 78155-5779

Opinion No. GA-0426

Re: Duty of officers who are magistrates under Code of Criminal Procedure article 2.09 to provide warnings to arrestees and whether magistrate duties constitute a judicial function (RQ-0410-GA)

Dear Ms. Murray-Kolb:

An arrested person must be taken to a magistrate soon after the arrest to be informed of his rights. *See* TEX. CODE CRIM. PROC. ANN. art. 15.17 (Vernon Supp. 2005) (arrest under warrant). You inquire about the responsibility of the officers who are magistrates under Code of Criminal Procedure article 2.09 to provide the warnings to an arrested person that Code of Criminal Procedure articles 14.06 and 15.17 require.[1] *See id.*; *see also id.* art. 14.06 (person arrested without a warrant).

### I. Magistrates who must provide warnings to arrested persons pursuant to Code of Criminal Procedure article 15.17

You first ask whether every individual who qualifies as a magistrate under Code of Criminal Procedure article 2.09 has "an equal mandatory duty to serve as a magistrate, or is it only a justice of the peace who has a mandatory duty to serve as magistrate?" Request Letter, *supra* note 1, at 1–2. You state that two of the justices of the peace in your county historically have undertaken most of the magistrate duties because their offices are near the jail. *See id.* at 2. Currently all arrestees are taken to the county jail except persons arrested for municipal violations, who are taken before municipal judges. *See id.* The Guadalupe County justices of the peace wish to know whether all qualified magistrates, including district judges, county court at law judges, and county judges, have an equal duty to serve as magistrates or if the justices of the peace have a greater duty to serve as magistrates. *See id.*

#### A. Code of Criminal Procedure article 2.09

Code of Criminal Procedure article 2.09 provides that

> [e]ach of the following officers is a magistrate within the meaning of this Code: The justices of the Supreme Court, the judges of the Court

---

[1]*See* Letter from Honorable Elizabeth Murray-Kolb, Guadalupe County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Nov. 2, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state .tx.us) [hereinafter Request Letter].

> of Criminal Appeals, the justices of the Courts of Appeals, the judges
> of the District Court, . . . the county judges, the judges of the county
> courts at law, judges of the county criminal courts, the judges of
> statutory probate courts, . . . the justices of the peace, and the mayors
> and recorders and the judges of the municipal courts of incorporated
> cities or towns.

TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2005). Article 2.09 also includes certain magistrates, masters, and hearing officers appointed by judges in specific counties. *See id.* (also including "magistrates appointed by the judges of the district courts of Bexar County, Dallas County, or Tarrant County that give preference to criminal cases, . . . the magistrates appointed by the judges of the district courts and statutory county courts that give preference to criminal cases in Travis County," and other magistrates, masters and hearing officers appointed by judges in specific counties). *See generally* TEX GOV'T CODE ANN. §§ 54.201–.1705 (Vernon 2005 & Supp. 2005) (chapter 54 concerning appointment of masters, magistrates, referees, and associate judges). There are no appointive magistrates in Guadalupe County. *See* TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2005); TEX GOV'T CODE ANN. §§ 54.201–.1705 (Vernon 2005 & Supp. 2005).

The Code of Criminal Procedure sets out numerous powers and duties of magistrates. *See* TEX. CODE CRIM. PROC. ANN. arts. 2.10 (Vernon 2005) ("duty of every magistrate to preserve the peace within his jurisdiction . . .; to issue all process intended to aid in preventing and suppressing crime [and] to cause the arrest of offenders"); 15.03(a) ("magistrate may issue a warrant of arrest or a summons"); 15.17 (Vernon Supp. 2005) (magistrate to give warnings to arrested person); 16.03 (Vernon 2005) (warnings by magistrate in connection with examining trial).

## B.    Code of Criminal Procedure article 15.17

Your concern is with a magistrate's duties under Code of Criminal Procedure article 15.17, which provides in part:

> (a) In each case enumerated in this Code, the person making
> the arrest or the person having custody of the person arrested shall
> without unnecessary delay, but not later than 48 hours after the person
> is arrested, take the person arrested or have him taken before *some
> magistrate of the county* where the accused was arrested or, to
> provide more expeditiously to the person arrested the warnings
> described by this article, *before a magistrate in any other county of
> this state. . . .* The magistrate shall inform in clear language the
> person arrested [of the accusation against him, of any affidavit filed
> therewith, of his right to retain counsel, of his right to remain silent
> and of other rights].

*Id.* art. 15.17(a) (Vernon Supp. 2005) (emphasis added).

Article 14.06 articulates magistrate duties when someone is arrested without a warrant. The person making the arrest or having custody of the arrested person shall take that person

> before the magistrate who may have ordered the arrest, *before some magistrate of the county* where the arrest was made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, *before a magistrate in any other county of this state*. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

*Id.* art. 14.06(a) (emphasis added); *see id.* arts. 14.01(b) (Vernon 2005) (peace officer may arrest an offender without a warrant for an offense committed within the officer's view); 14.02 (magistrate may verbally order arrest of offender without a warrant when a felony or breach of the peace has been committed within the magistrate's view). We will address the duty of "some magistrate of the county" to give the warnings required by article 15.17, and this will also address the duties of "some magistrate of the county" under article 14.06. *Id.* arts. 14.06(a), 15.17(a) (Vernon Supp. 2005).

## C.    Analysis

Article 15.17 requires the arrested person to be "taken before some magistrate of the county where the accused was arrested." *Id.* art. 15.17. "The magistrate shall inform" the arrested persons of the items set out in article 15.17. *Id.* The words and phrases used in the Code of Criminal Procedure are to be understood in their ordinary meaning except where specially defined. *See id.* art. 3.01 (Vernon 2005). The word "shall" in statutes is generally construed as mandatory, unless legislative intent suggests otherwise. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). Accordingly, a magistrate of the county has a mandatory duty to provide the warnings required by article 15.17 when an arrested person is brought before him.

We read the phrase "magistrate of the county" in the context of article 15.17 and construe it according to common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). We also consider the purpose of the statute. *See id.* § 311.023(1). Article 15.17 requires the arresting officer to take the arrested person before "some magistrate *of the county*" where the accused was arrested or, to provide the warnings more expeditiously, before "a magistrate *in any other county*" of this state. TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (Vernon Supp. 2005) (emphasis added); *see also id.* art. 14.06 (using same terms). Just as the phrase "a magistrate in any other county" includes any magistrate located in the other county, the phrase "magistrate of the county" means any magistrate located in the county of arrest. The word "of" sometimes means "in," signifying location. *See Bell County v. Hines*, 219 S.W. 556, 557 (Tex. Civ. App.—Austin 1920, writ ref'd); *see also People v. Hallner*, 277 P.2d 393, 395 (Cal. 1954) (the word "of" may be used to indicate geographic location); *Ivey v. State*, 37 S.E. 398, 399 (Ga. 1900) ("city court of Macon" means the city court should be located in Macon). Thus, read in its context in article 15.17, the phrase "some magistrate of the county" means "some magistrate *in* the county." TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (Vernon Supp. 2005). This reading helps implement the article 15.17 requirement that "the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested," *id.*, be taken before a magistrate to be informed of his rights, because it means that all magistrates in the county must provide the statutory warnings.

### D.   Conclusion

We conclude that "the judges of the District Court, . . . the county judges, the judges of the county courts at law, judges of the county criminal courts, the judges of statutory probate courts, . . . the justices of the peace, and the mayors and recorders and the judges of the municipal courts of incorporated cities or towns," *id.* art. 2.09, in the county have a mandatory duty to provide the article 15.17 warnings when an arrested person is brought before them for that purpose. *See generally Alberti v. Sheriff of Harris County*, 406 F. Supp. 649, 670 (S.D. Tex. 1975) (city judge, sitting as a magistrate, may accept complaints and issue arrest warrants on cases which he cannot try on the merits) (citing Attorney General Opinion C-718 (1966) at 2); *McBee v. State*, 981 S.W.2d 694, 697 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (district judge serving as a magistrate); Tex. Att'y Gen. Op. Nos. DM-313 (1995) at 2, JM-151 (1984) at 1–2 (municipal judges serving as magistrates). While all magistrates have the same legal duty to provide warnings under article 15.17 when an arrested person is brought before them, the frequency with which a particular magistrate performs this duty may depend upon factors such as the magistrate's location and the hours when the magistrate is available to individuals who have an arrested person in custody.

## II.   Is service as a magistrate a judicial function within Government Code section 26.006?

The county judge of Guadalupe County recently applied for the state salary supplement authorized by Government Code section 26.006, which provides as follows:

> (a)   A county judge is entitled to an annual salary supplement from the state of $15,000[2] if at least 40 percent of the functions that the judge performs are judicial functions.

> (b)   To receive a supplement under Subsection (a), a county judge must file with the Office of Court Administration of the Texas Judicial System an affidavit stating that at least 40 percent of the functions that the judge performs are judicial functions. The office of court administration shall send the affidavit to the comptroller.

> (c)   The commissioners court in a county with a county judge who is entitled to receive a salary supplement under this section may not reduce the county funds provided for the salary or office of the county judge as a result of the salary supplement required by this section.

TEX. GOV'T CODE ANN. § 26.006 (Vernon Supp. 2005).

---

[2]The provision requiring an annual state salary supplement of $15,000 became effective on December 1, 2005. *See* Act of Aug. 9, 2005, 79th Leg., 2d C.S., ch. 3, §§ 2, 25, 2005 Tex. Gen. Laws 34, 35, 40. The annual salary supplement prior to December 1, 2005 was $10,000. *See* Act of May 31, 1999, 76th Leg., R.S., ch. 1467, § 1.08, 1999 Tex. Gen. Laws 4996, 5001; Act of May 30, 1999, 76th Leg., R.S., ch. 1572, § 4, 1999 Tex. Gen. Laws 5404, 5405.

You ask as your second question whether a county judge's service as a magistrate is a judicial function within section 26.006. *See* Request Letter, *supra* note 1, at 1, 4–5. As a threshold matter, however, you suggest that section 26.006 may run afoul of Attorney General Opinion GA-0193 (2004), which concluded that a county could not pay a justice of the peace an amount in excess of his salary for serving as a weekend magistrate. *See id.* at 5; *see also* Tex. Att'y Gen. Op. No. GA-0193 (2004) at 4. Attorney General Opinion GA-0193 dealt with a justice of the peace whose salary was set in the county budget pursuant to law, *see* TEX. LOC. GOV'T CODE ANN. § 152.013 (Vernon 1999), but the county, without statutory authority, also paid him additional amounts for conducting inquests and serving as a magistrate. *See* Tex. Att'y Gen. Op. No. GA-0193 (2004) at 2. The justice of the peace had a mandatory duty to perform inquests and serve as a magistrate, and the county could not pay him additional amounts in excess of his salary set in the budget for performing these duties. *See id.* at 4. The county judge's section 26.006 salary supplement differs from the extra payments to justices of the peace discussed in Attorney General Opinion GA-0193 in that it is part of the county judge's annual compensation for performing all of his duties. Moreover, Attorney General Opinion GA-0193 noted that the commissioners court may set the salary of a justice of the peace or other county officer in an amount that reflects his usual workload. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-51 (1991). The legislature has provided the section 26.006 salary supplement to reflect the county judge's expected performance of judicial functions based on his past performance. Attorney General Opinion GA-0193 is not an impediment to a county judge's receipt of a salary supplement under section 26.006.

The county judge qualifies for the section 26.006 supplement "if at least 40 percent of the functions that the judge performs are judicial functions." TEX. GOV'T CODE ANN. § 26.006(a) (Vernon Supp. 2005). Accordingly, you wish to know whether a county judge's service as a magistrate is a judicial function within section 26.006. The Texas Court of Criminal Appeals has said that the title "'magistrate' has come to connote one having duties which are judicial in nature." *Ex parte Clear*, 573 S.W.2d 224, 228 (Tex. Crim. App. 1978), *accord O'Quinn v. State*, 462 S.W.2d 583, 587 (Tex. Crim. App. 1971). Accordingly, when a county judge sits as a magistrate, he performs judicial functions.

### III.    County's obligations with respect to county judge's state salary supplement under section 26.006

Your third question is as follows:

> (A)  Is the state salary supplement a "salary increase" obligating compliance with all state statutory rules relative to an increase in the salary of an elected official?

> (B)  May the county pay the federal and state withholdings after the adoption of the county budget wherein those expenditures were not included?

Request Letter, *supra* note 1, at 1, 6.

The Guadalupe County Judge has applied for the state salary supplement under section 26.006(a), but the approved 2005–06 county budget did not include expenditures for county payments related to the supplement required by a federal or state law. *See id.* at 6. For example, federal law requires that both the employer and the employee pay a share of the Federal Insurance Contributions Act ("FICA") taxes for social security coverage. *See* Tex. Att'y Gen. Op. Nos. JC-0397 (2001) at 1, JC-0227 (2000) at 1–2; *see generally* 26 U.S.C. §§ 3101 (tax on employee), 3111 (tax on employer) (2000). When a county officer receives a state salary supplement, the county must use county funds to pay the employer's share of FICA tax and may not deduct its share from the officer's salary supplement. *See* Tex. Att'y Gen. Op. Nos. JC-0227 (2000) at 3–4 (county may not pay its share of FICA tax from state salary supplement for county attorney); JC-0397 (2001) at 4 (county may not pay its share of FICA tax from the county judge's state salary supplement). The Guadalupe County budget did not allocate funds for county expenses,[3] such as the county's share of the FICA tax, relating to the county judge's state salary supplement.

The agenda for the October 11, 2005, Guadalupe County Commissioners Court meeting included an item on transferring funds necessary to pay the benefits on the first installment of the county judge's state salary supplement. *See* Request Letter, *supra* note 1, at 6. However, a member of the commissioners court asked whether paying these benefits was legal because it resulted in an increase in the county judge's salary that was not included in the 2006 budget. *See id.* You wish to know whether a state salary supplement is a salary increase for county budget purposes. *See id.*

Salaries and salary increases set by the commissioners court are subject to Local Government Code section 152.013:

> (a) Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers. The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings.
>
> (b) Before the 10th day before the date of the meeting, the commissioners court must publish in a newspaper of general circulation in the county a notice of:
>
> (1) any salaries, expenses, or allowances that are proposed to be increased; and
>
> (2) the amount of the proposed increases.

---

[3]You use the term "withholdings" to describe the payments the county is required by law to make with respect to county officers' and employees' compensation. In the context of this request, "withholdings" does not include federal income tax withheld from the county judge's section 26.006 salary supplement and other compensation. *See* 26 U.S.C. § 3402 (2000) (income tax to be withheld from an employee's remuneration), *see also id.* § 3401(c) ("employee" includes an officer of a state or a political subdivision).

> (c)  . . . the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses . . . .

TEX. LOC. GOV'T CODE ANN. § 152.013 (Vernon 1999).

Section 152.013 applies to salaries set by the commissioners court. The commissioners court does not set the section 26.006 state salary supplement. The legislature sets this supplement for a county judge who performs the requisite amount of judicial services and also appropriates funds to pay it. *See* General Appropriations Act, 79th Leg., R.S., ch. 1369, art. IV, 2005 Tex. Gen. Laws 4324, 4831, 4832 (Judiciary Section, Comptroller's Department, Item C.1.1.), *amended by* Act of Aug. 9, 2005, 79th Leg., 2d C.S., ch. 3, § 18, sec. 16(a), (h), 2005 Tex. Gen. Laws 34, 38, 39. In answer to your question 3A, the section 26.006 salary supplement is not subject to section 152.013 relating to salary increases adopted by the commissioners court because the state, not the county, sets the salary supplement. *See* Tex. Att'y Gen. Op. No. JM-1138 (1990) at 2 (salary increase for county court at law judge is by legislative mandate and is not within the commissioners court's discretion).

We finally consider your question 3B, whether the county may "pay the federal and state withholdings after the adoption of the county budget wherein those expenditures were not included." Request Letter, *supra* note 1, at 1, 6. Guadalupe County may transfer funds in its budget to make the payments with respect to the section 26.006 supplement. Local Government Code section 111.010 provides that "the commissioners court may spend county funds only in strict compliance with the budget, except in an emergency." TEX. LOC. GOV'T CODE ANN. § 111.010(b) (Vernon 1999); *see also id.* § 111.010(c) (emergency expenditure authorized as a budget amendment "only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget"). Section 111.010(d) however, provides that

> [t]he commissioners court by order may amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure.

*Id.* § 111.010(d).[4] Thus the commissioners court may transfer funds from one budgeted item to another to make payments with respect to the salary supplement that the county is legally required to make. *See* Tex. Att'y Gen. Op. No. JM-1268 (1990) at 2 (with passage of Government Code section 111.010(d) "it is no longer necessary for the commissioners court to find that an emergency exists to justify a transfer from one budgeted item to another").

---

[4]Local Government Code chapter 111 provides in subchapter A for budget preparation in counties with a population of 225,000 or less, in subchapter B for counties with a population of more than 225,000, and in subchapter C for counties with a population of more than 125,000 that choose to operate under subchapter C instead of subchapter A or B. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.001, .031, .061 (Vernon 1999). Guadalupe County's population places it within subchapter A and section 111.010. *See* UNITED STATES CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, TEXAS QUICK FACTS (population of Guadalupe County was 89,023 in 2000; estimated at 99,620 in 2004), *available at* http://quickfacts.census.gov/qfd/states/48/48187.html. Local Government Code sections 111.041 and 111.070 authorize transfers between budget items in counties operating under subchapters B and C. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.041 (Vernon 1999), .070 (Vernon Supp. 2005).

## S U M M A R Y

Code of Criminal Procedure article 15.17 requires a magistrate of the county to provide statutory warnings to an arrested person brought before him. Magistrates of the county who have a mandatory duty to provide warnings under article 15.17 include district judges, county judges, the judges of the county courts at law, the judges of statutory probate courts, the justices of the peace, and the mayors, recorders, and judges of the municipal courts of incorporated cities or towns. The frequency with which a particular magistrate of the county performs this duty may depend upon factors such as the magistrate's location and the hours when the magistrate is available to individuals who have an arrested person in custody.

Service as a magistrate pursuant to article 15.17 is a judicial function within Government Code section 26.006, entitling a county judge who serves as magistrate for a sufficient time to a state salary supplement.

Because the section 26.006 salary supplement is provided by the state, it is not subject to Local Government Code section 152.013. The Guadalupe County Commissioners Court may transfer funds from one budgeted item to another to make payments with respect to the county judge's state salary supplement that the county is legally required to make.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee