

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-10-00283-CV

**ANTOINE M. SHIELDS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. FCM-07-18812

_____

# O P I N I O N

_____

Antoine M. Shields wants personal property that was seized pursuant to a search warrant returned to him. The primary obstacle to his ability to have a court order the return of the items is the identification of the proper procedural vehicle. He filed a motion seeking return of the property in the court which rendered his related criminal conviction.

## BACKGROUND

According to one of the pleadings Shields filed in the trial court, Shields was staying in a hotel with his wife and children. While at the hotel, Shields and his wife, Tashawna VanHardenberg were charged with the murder of or injury to one of their

children. A search warrant was obtained and executed by the Copperas Cove Police Department. Pursuant to the warrant, the police seized a number of items of personal property. The items seized which are the subject of this proceeding were two disposable cameras. Photographs had been taken with each camera.

It is not clear from the record before us whether the film in the cameras was developed before or after Shields pled guilty to murder and VanHardenberg was tried and convicted for injury to a child. What is clear, however, is that the photographs were not used in either criminal trial or in the trial to terminate their parental rights to their other children.

It appears Shields initially sought the return of the cameras after his conviction and before the trial of VanHardenberg. Further, it appears Shields was initially told he could not have the photographs because they may be needed in VanHardenberg's trial or the retrial of either case if the appeals resulted in reversal of either conviction. The criminal trials have now been conducted, Shields did not appeal and VanHardenberg's appeal has been exhausted, and the mandate has issued. The convictions are now final for all purposes.

### Jurisdiction

…over seized property extends to different courts at different times and for different purposes: for example, to the magistrate to whom return was made, for the seized property's pre-charge or pre-indictment safekeeping and for the property's or person's release before examining trial; n19 to any magistrate in the county of seizure, for removing the property pre-charge or pre-indictment from the county in which it was seized; n20 to a magistrate presiding over an examining trial; n21 to the judge of the court in which indictment is presented, for any matter concerning the property; n22 to the judge of the court in which the accused is convicted, for forfeiture of certain property; n23 to the magistrate to whom the return

was made, for article 18.18 forfeiture proceedings when no prosecution or conviction occurs; n24 etc.

19 TEX. CODE CRIM. P. ANN. arts. 18.10-.12 (Vernon 1977 & Supp. 2000).

20 *Id*. art. 18.10.

21 *See id*. art. 18.03 (search warrant may include arrest warrant); *id*. art. 18.13 (allowing the magistrate to release defendant and restore property if no good ground for warrant's issuance); *id*. art. 18.14 (Vernon 1977) (allowing examining trial "as in other cases" if magistrate concludes there was good cause for arrest warrant's issuance); *see also id*. art. 15.16 (Vernon 1977) (requiring "magistration" before magistrate who issued or is named in warrant, if in same county); *id*. art 15.17(a)-(d) (Vernon Supp. 2000) (allowing "magistration" before any magistrate in county of arrest or bordering county, apparently for non-warrant arrests).

22 TEX. CONST. art. V, § 12(b) (presentment of indictment or information vests court with jurisdiction of cause); *McBee v. State*, 981 S.W.2d 694, 697 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (attachment of jurisdiction in district court gives it power to determine all essential questions and do anything pertaining thereto that is authorized by Constitution, statute, or law).

23 TEX. CODE CRIM. P. ANN. art. 18.18(a) (Vernon Supp. 2000).

24 *See id*. art. 18.18(b).

*In re Cornyn*, 27 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2000, original proceeding).

Rather than "etc.," it would have been a service to the judiciary for Justice Cohen to continue with his listing of all the courts that have the authority to deal with seized property and for what purposes. Notwithstanding that his compilation may not be complete, we believe that this proceeding is proper where it was filed. Shields brought this issue "to the judge of the court in which indictment is presented, for any matter concerning the property." *Id*. We see no prohibition to bringing the issue before the

trial court by way of a motion. And because ruling on the motion is a discrete ruling regarding the return of the property, we believe the ruling is final.

This brings us to the question of whether the ruling is appealable which depends, in part, on whether it is treated as a civil appeal or criminal appeal. If it is a criminal proceeding, we must find express authority for the appeal. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008). Property which is the subject of the motion was not used in the criminal prosecution of either defendant. Further, there is no sentence or judgment of conviction or acquittal that is impacted by the court's ruling. Accordingly, we conclude that it is not a criminal appeal. Further, we see no reason not to categorize it as a civil proceeding.[1] Because Shields timely sought appellate review of the denial of his motion, which we have already determined was a final judgment for purposes of appeal, we find that we have jurisdiction of this proceeding.

What is unusual about this proceeding is that the property seized, disposable cameras containing exposed but undeveloped film, has undergone a metamorphosis and now consists of only negatives and developed prints from the negatives.[2] What is also unusual about this proceeding is that due to the nature of the property items, multiple prints may be made without loss of quality or giving up possession of a duplicate original of the photographs.

The State did not file a brief. We have examined the photos and see no obvious

---

[1] We note that if the method we have identified is not proper for any reason, the only other remedy would be for Shields to sue the County in civil court for inverse condemnation or some other civil remedy. Judicial policy thus demands a more efficient mechanism than having to file a separate civil proceeding.

[2] Original copies of the prints have been submitted to the Court for review. We did not order the negatives to be forwarded to this Court.

reason a set of prints should not be delivered to Shields. They do not appear to be contraband by any definition applicable to a free person. We note, however, that Shields is not free but rather is incarcerated for murder, and although we are unable to determine for certain from the record, the deceased child victim may be depicted in some of the photographs.

Shields, who is representing himself in this proceeding, had first sought delivery of the photographs to his lawyer and then to his mother. We have found nothing to justify the State's refusal to deliver to Shields or his designee a full set of prints made from the film in the two cameras.

We hold that Shields is entitled to the property; that being, a full set of original prints made from the seized cameras. We do not know if Shields is authorized to have the photographs in prison; thus, Shields must designate a person to receive the prints within 28 days after the date the opinion and judgment in this proceeding are issued. Absent a timely designation, the prints will be delivered to his former attorney, who the record shows initially offered to assist Shields in seeking the return of the photographs.

Accordingly, the trial court's order denying Shields' motion to return property is reversed and the Clerk of this Court is ordered to deliver the set of prints in this Court's possession to the designee of Shields, or his previous attorney, within 10 days after the mandate issues in this proceeding.[3]

TOM GRAY
Chief Justice

---

[3] The Clerk is ordered to retain full color photocopies of the prints for the Court's file.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Justice Davis concurs without an opinion)
Reversed
Opinion delivered and filed February 22, 2012
[CV06]