Carlon Dwayne TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–83–0126–CR.

Court of Appeals of Texas,
Tyler.

March 29, 1984.

Odis R. Hill, Longview, for appellant.

R. Clement Dunn, Longview, for appellee.

COLLEY, Justice.

This is an appeal from an order revoking probation. On March 13, 1981, appellant was convicted of the felony offense of Carrying a Prohibited Weapon on Premises Permitted to Sell and Serve Alcoholic Beverages. Imposition of sentence was suspended and appellant was placed on probation for a period of two (2) years.

On March 4, 1983, an Application for Revocation of Probation was filed against appellant in the 124th Judicial District Court alleging that appellant had violated the terms and conditions of his probation by failing to: (1) pay court costs; (2) pay a fine in the amount of $500; (3) pay a probation maintenance fee of $15.00 for the months of November and December of 1982, and January and February of 1983. On March 24, 1983, counsel was appointed for the indigent appellant.

The State's motion to revoke was set for hearing on April 8, 1983. On that day, appellant paid his fees, fine and costs to the Gregg County Adult Probation Office. The evidence reflects this was done with the understanding that the motion to revoke would be dismissed. Subsequent thereto, the State presented a motion to dismiss the revocation proceeding for the reason that all fees, court costs, and the fine had been paid. The State at that time elected not to proceed on the motion to revoke. The trial court then expressed its intention to appoint a "special prosecutor" to proceed with the revocation hearing.

Thereafter, James M. McCoy was appointed as "special prosecutor" by the court without a showing that Carter Beckworth, the duly elected Criminal District Attorney of Gregg County, Texas, was disqualified, absent, or otherwise unable to perform the duties of his office. On April 18, 1983, Beckworth informed James M. McCoy by letter that McCoy would be acting without the consent or approval of the District Attorney in prosecuting the motion. On April 22, 1983, the State, acting through Beckworth, filed a Notice of Waiver and Withdrawal as to all counts alleged in the Application for Revocation of Probation filed on March 4, 1983.

On April 22, 1983, the Application to Revoke filed on March 4, 1983, was called for trial. James M. McCoy acted as "special prosecutor." At that time, Beckworth appeared and testified that he was neither disqualified nor unable to perform the duties of his office. Appellant filed a Motion to Bar Special Prosecutor from Participation. The motion was overruled.

After the hearing, the trial court revoked appellant's probation and imposed sentence at two (2) years confinement in the Texas Department of Corrections.

Appellant's first ground of error contends the trial court abused its discretion in revoking appellant's probation based on evidence presented by a "special prosecutor" because he had no official status to represent the State. We reverse and order appellant discharged.

■■■ The trial court appointed the special prosecutor after the State moved to dismiss its application for revocation of probation. The court made it clear it was appointing a special prosecutor in order to proceed to enforce its own jurisdiction in

probation matters. We find the trial court was without authority to appoint a "special prosecutor" to proceed on the State's Application for Revocation of Probation, which the State chose to withdraw and dismiss. The District Attorney represents the State in all criminal cases in the district court of his district. Under Art. V, § 21, Tex. Const., and Subdivision 124 of Art. 199, TEX.REV.CIV.STAT.ANN., the Criminal District Attorney of Gregg County must represent the State in all criminal cases in the district courts of Gregg County. See also Art. 2.01, TEX.CODE CRIM.PROC. Thus, the issue arises under the facts here whether a revocation proceeding is a criminal case within the scope and purpose of the above constitutional and statutory provisions requiring representation of the State by the Gregg County Criminal District Attorney. We conclude that it is. Numerous decisions of the Court of Criminal Appeals have stated that a revocation hearing is not a criminal trial. E.G. *Bradley v. State*, 608 S.W.2d 652 (Tex.Cr.App. 1980); *McDonald v. State*, 393 S.W.2d 914 (Tex.Cr.App.1965); *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974). Nevertheless, it is likewise well established that while a revocation hearing is not the same as a criminal trial, it is in a true sense a "criminal proceeding" wherein the defendant may be deprived of his liberty. See *Campbell v. State*, 456 S.W.2d 918, 921 (Tex.Cr.App.1970) and *Caddell v. State*, 605 S.W.2d 275, 277 (Tex.Cr.App.1980). A revocation proceeding is adversarial in character, and the State is a party thereto charged with the burden of proof to establish the defendant's alleged violations of the order of probation. *Caddell v. State, supra*. No one but the duly elected County Criminal District Attorney of Gregg County has authority to represent the State in such proceeding unless under the provisions of Art. 2.07(a), TEX.CODE CRIM. PROC., an attorney pro tem has been lawfully appointed in the case. In our case, none had.

The interpretive commentary to Art. V, § 21, Tex. Const. expresses very well the posture of this case before us. It reads in part as follows:

"The overwhelming importance of the office of public prosecutors arises from the fact that upon the prosecuting attorney rests the powers of determining whether prosecution in any given case shall be inaugurated, or, if inaugurated, *pushed to a successful conclusion*." (Emphasis added.)

The Texas Supreme Court, in resolving what it termed a "judicial impasse" in *State v. Gary*, 163 Tex. 565, 359 S.W.2d 456 (1962), a statutory removal of suit under Arts. 5970, et seq., TEX.REV.CIV. STAT.ANN., stated:

"The District Attorney is a proper representative of the State *and by virtue of his office, has control of the prosecution of the cause*." Citing Art. V, § 21, Tex. Const. and other authorities. (Emphasis added.)

The District Attorney of Gregg County as above noted not only moved to dismiss the revocation motion, but also withdrew the State's pleading and refused to prosecute the motion, all acts well within his power, authority and discretion. The trial court was without authority or jurisdiction to reinstate the motion to revoke probation and to conduct the hearing. *State v. Gary, supra*, at 458.

Art. 2.07(a), TEX.CODE CRIM.PROC., prescribes the circumstances under which a judge may appoint a special prosecutor. Disagreement of the district judge and the district attorney as to the disposition of a revocation motion is not one of them. The record shows that the duly elected district attorney was present and able to perform the duties of his office and repeatedly objected to the proceedings, as did appellant's counsel. See Op.Atty.Gen. 1974, No. H–324.

■ Although we need not address the remaining grounds of error since our decision on the first ground of error is dispositive of the case, we do note in the interest of justice that the revocation hearing was held after appellant's probationary period had expired. And though a Motion to Re-

voke was filed, and a hearing date set prior to the expiration of the term, the capias for appellant's arrest was not issued until after the expiration date. Therefore, the court had no jurisdiction to conduct the revocation hearing. *Bobo v. State,* 479 S.W.2d 947 (Tex.Cr.App.1972); *Lynch v. State,* 502 S.W.2d 740 (Tex.Cr.App.1973). Moreover, the State, through the District Attorney, consistent with its posture throughout this matter, confesses error by the trial court.

The judgment of revocation is reversed, and judgment here rendered discharging appellant from custody.