# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00075-CV

**In re State of Texas**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator State of Texas filed a petition for writs of mandamus and prohibition challenging the trial court's order compelling the State to surrender possession of certain evidence to the defendant, real party in interest Trent Stewart. We conditionally grant the writ of mandamus.

This original proceeding arises from a prosecution against Stewart for aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2003). Stewart pleaded guilty and was assessed punishment of twenty-five years' imprisonment. The district court later determined that the sentence was excessive and disproportionate and communicated to the parties that it would grant the defendant's motion for a new trial as to punishment. The motion for new trial was granted, and the State appealed. While the district court proceedings were stayed pending resolution of the State's appeal to this Court, the district court issued the order that is the subject of this petition.

In a hearing on matters concerning Stewart's bond, the district court orally ordered the State to return to Stewart his driver's license, social security card, and Veteran's Affairs card,

all of which were in Stewart's wallet found at the scene of the robbery. The district court asserted that Stewart, in order to obtain employment and health insurance consistent with the terms of his bond, required his original identification cards.[1] The prosecutor refused to relinquish the original documents on the grounds that the State could not be ordered to surrender possession of critical evidence, that the district court's sua sponte order was not authorized by article 39.14 of the code of criminal procedure,[2] and that the trial court lacked jurisdiction to conduct any further proceedings

---

[1] The record reflects that the district court judge had previously ordered Stewart to participate in rehabilitation services at the Push-Up Foundation, a residential treatment facility. The Foundation's policies require that after fourteen days in residence, clients must apply for employment. The district court was thus concerned that without his original identification documents, Stewart could not comply with the conditions of bond.

We note, however, that according to the Texas Department of Public Safety's website, a replacement driver's license can be obtained by showing either a valid U.S. passport, two "secondary" identifying documents (such as an original or certified copy of a U.S. birth certificate or an original or certified copy of court order with name and date of birth), or a secondary identifying document and two pieces of "support identification" (e.g., school records, insurance policy, vehicle title, military records, marriage license or divorce decree, voter registration card, pilot's license, concealed handgun license, expired driver's license or identification issued by another state, or Texas Inmate Identification card). *See* http://www.txdps.state.tx.us (follow "Driver License FAQ" hyperlink). A replacement Social Security card can be obtained either by presenting a valid U.S. passport or by providing a U.S. birth certificate and "other documents" proving identity, such as an employee identification card, school identification card, health insurance card, U.S. military identification card, or adoption decree. *See* http://www.socialsecurity.gov/ss5doc.

[2] Article 39.14 provides, in pertinent part:

Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents . . . or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. . . . Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

Tex. Code Crim. Proc. Ann. art. 39.14 (West 2006).

because the case was on appeal. In lieu of the original documents, the State tendered photocopies of the requested items, which the prosecutor argued would be sufficient to allow Stewart to obtain employment and health insurance. The State then filed this petition to prevent the district court from enforcing its order, and we granted the State's request for an emergency stay of further proceedings in the district court pending our disposition of this petition.

To obtain relief through a writ of mandamus, a relator must establish that (1) no other adequate remedy at law is available and (2) the act he seeks to compel is ministerial in nature, rather than discretionary. *Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Mandamus may also issue if a judge acts beyond his statutory authority. *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 423 (Tex. Crim. App. 1990). The relator seeking a writ of prohibition must demonstrate that he had no other adequate remedy at law and that he is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993).

The State asserts that the district court acted beyond its statutory authority by ordering the State to give to the defendant material evidence in the State's custody and control. In response, Stewart argues that because the items were not ordered to be turned over pursuant to a "discovery order," article 39.14 of the code of criminal procedure is not applicable. He asserts instead that the items in question were subject to an order issued pursuant to the district court's jurisdiction over bond conditions, and therefore the district court was acting within its authority. *See Farris v. State*, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) (trial court's power to act ends when appellate record

3

is filed in court of appeals, "except for matters concerning bond") (citing *Duncan v. Evans*, 653 S.W.2d 38, 39 (Tex. Crim. App. 1983)).

We disagree, however, that the trial court's authority to "impose reasonable conditions on bail pending the finality of [the defendant's] conviction," s*ee* Tex. Code Crim. Proc. Ann. art 44.04(c) (West 2006), allows the trial court to compel the State to relinquish evidence, above and beyond what the legislature has permitted the defendant to obtain through ordinary discovery processes. *See id.* art. 39.14 (upon defendant's motion, court shall order State to produce and permit inspection and copying of certain evidence in State's custody and control, *but nothing in act authorizes removal of such evidence from State's possession*) (emphasis added). If the district court determined that Stewart was having difficulty complying with its conditions of bond, the court had the authority to revise those conditions as to Stewart. But the district court's sua sponte order in this case requiring the State to relinquish evidence to the defendant in a pending case was not authorized under any statute; therefore, mandamus is proper. *See Salinas*, 784 S.W.2d at 423; *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 900 (Tex. Crim. App. 1984).

The State also asserts that it has no remedy at law because the code of criminal procedure does not authorize the appeal by the State of a trial court's discovery order. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West 2006). We express no opinion as to whether the district court's order in this case was in fact a "discovery order." Rather, because we have determined that the district court acted beyond its statutory authority, we conditionally grant the writ of mandamus and direct the trial court to vacate its order requiring the State to give to Stewart his original driver's

4

license, social security card, and Veteran's Affairs card. The writ will issue only if the court does not comply with this opinion. *See* Tex. R. App. P. 52.8.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Filed:   February 22, 2008