**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed November 18, 2021.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00628-CR

### IN RE SAVON RONSHEY CALDWELL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 19CR0024**

## MEMORANDUM MAJORITY OPINION

On November 2, 2021, relator Savon Ronshey Caldwell filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kerry Neves, presiding judge of the 10th District Court of Galveston County, to grant relator an examining trial. *See* Tex. Code Crim. Proc. art. 16.01.

In his petition, relator asserts "has a right to an examining trial prior to the issuance of an indictment." Petitioner states that the "Grand Jurors for the County of Galveston . . . filed an indictment . . . on the 21st day of February 2019," which relator asserts was before he had received an examining trial. Relator contends this violated his constitutional rights. A defendant's right to an examining trial is ended by the return of an indictment. *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990); *see also In re Richardson*, No. 14-04-00713, 2004 WL 1797589, at *1 (Tex. App.—Houston [14th Dist.] Aug. 12, 2004, orig. proceeding). "Due process considerations are not implicated since the primary purpose for the examining trial, a determination of probable cause, is at least as timely accomplished by presenting evidence directly to the grand jury." *Salinas*, 784 S.W.2d at 427.

Moreover, as set forth in his petition for writ of mandamus, relator is represented by counsel. A defendant in a criminal law matter is not entitled to hybrid representation. *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018). In the absence of a right to hybrid representation, relator's pro se petition for writ of mandamus presents nothing for this court's review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Spain, and Hassan (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).