**Opinion issued January 13, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00717-CR

————————————

## IN RE JONATHAN JERMAINE RICHMOND, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Jonathan Jermaine Richmond, incarcerated and appearing pro se, has filed a petition for writ of mandamus, in which he requests that this Court direct the trial court to "hold an [e]xamining trial in [his] case before the return of an indictment on [f]alse [a]llegations."[1]

---

[1] The underlying case is *The State of Texas v. Jonathan Jermaine Richmond*, Cause No. 1746272, in the 182nd District Court of Harris County, Texas, the Honorable Danilo Lacayo presiding.

In his mandamus petition, relator alleges that "[o]n or about [November 26, 2021], [r]elator's wife . . . and the complainant . . . talked with [r]elator's defense counsel . . . at which time, [c]omplainant . . . recanted her testimony made" to police, stating that "relator did not commit any injury or harm to her."  Based on the complainant's alleged recanting of her testimony, relator argues that the trial court has "a ministerial duty to order an examining trial and order the case to be [d]ismissed."  An examining trial puts "the State to its burden of proving that probable cause exists to believe the accused committed the offense charged against him." *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 425 (Tex. Crim. App. 1990). However, according to relator's mandamus petition, his court-appointed trial counsel "did not request an examining trial to correct the [c]omplainant's testimony."

We deny the petition for writ of mandamus.

First, we note that relator's petition does not comply with the requirements enumerated in the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 52.3(a)–(h), (k); *see also* TEX. R. APP. P. 52.7. Among other things, the petition lacks an appendix and a record.  *See* TEX. R. APP. P. 52.3(k)(1) (requiring petition for writ of mandamus be filed with appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"), 52.7(a) (requiring petition for writ of mandamus be filed with record containing "a

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "properly authenticated transcript of any relevant testimony from any underlying proceeding"). We note that relator's petition includes an "Exhibit-A," which is titled "Defendant's Motion for an Examining Trial Pursuant to Ineffective Assistance of Counsel." While this motion is dated December 16, 2021, the same day relator's mandamus petition is dated, relator's motion does not include any file-stamp or other indication that it was properly filed or otherwise presented to the trial court. In the absence of a sufficient appendix and record, this Court cannot evaluate the merits of relator's petition. *See In re Cole*, No. 01-20-00807-CR, 2021 WL 243894, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2021, orig. proceeding) (mem. op., not designated for publication); *In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) ("Without an appendix and a record, we are unable to determine that [r]elator is entitled to mandamus relief").

Relator has further failed to establish that the trial court refused to rule on any motion or request for the relief relator seeks in this Court. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying mandamus relief where relator did not ask for hearing on motions or take any action to alert trial court to need to act); *O'Connor v. First Court of Appeals*, 837 S.W.3d

3

94, 97 (Tex. 1992) (to obtain mandamus relief, relator must show trial court had legal duty to perform non-discriminatory act, relator made demand for performance, and trial court refused). As noted above, while relator's petition to this Court includes a pro se motion for an examining trial, there is no indication that motion was properly filed or presented to the trial court. Further, even assuming relator's motion was properly filed and presented to the trial court, the motion is dated December 16, 2021, the same date as relator's mandamus petition. *See In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding) (trial court afforded "reasonable time" to perform ministerial duty of ruling on properly presented motion)

We deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8. All pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).