**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00251-CR**
_____

**IN RE DEVIN T. MCGHEE**

_____

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. F21-38631**
_____

**MEMORANDUM OPINION**

In a pro se petition for a writ of mandamus, Relator, Devin T. McGhee, asks this Court to compel the trial court to hold an examining trial. *See* Tex. Code Crim. Proc. Ann. art. 16.01 ("The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense[.]"). We deny mandamus relief.[1]

---

[1] Relator failed to certify that he served a copy of the mandamus petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

"[T]he return of an indictment terminates any right to an examining trial." *See State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990) (orig. proceeding). McGhee states that he was indicted on October 20, 2021. Thus, the trial court does not have a ministerial duty to conduct an examining trial.

Relator failed to establish a right to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 22, 2023
Opinion Delivered August 23, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.