**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00273-CR**
_____


**IN RE KHALIL M. BRADLEY-HARRIS**

_____

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 22-41272**
_____


**MEMORANDUM OPINION**

In a pro se petition for a writ of mandamus, Relator Khalil M. Bradley-Harris asks this Court to compel the trial court to hold an examining trial. *See* Tex. Code Crim. Proc. Ann. art. 16.01 ("The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense[.]"). We deny mandamus relief.[1]

---

[1] Relator failed to certify that he served a copy of the mandamus petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

Relator states that he has been in custody in the Jefferson County Jail since December 6, 2022, and that he was indicted on December 14, 2022. He was appointed counsel in the trial court. Relator complains that neither his lawyer nor the judge told him he has a right to an examining trial and he says he did not receive an examining trial before he was indicted.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm and he must show that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Relator claims the trial court didn't provide him with an examining trial, but he does not show that he ever filed a motion prior to his indictment making his request known to the trial court in which he now complains. "If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

To prevail on a petition for mandamus, a relator must show that he filed a motion in the trial court requesting the relief addressed in the petition for mandamus. *Id*. The relator must also show that he brought his motion to the trial court's attention

2

for the purpose of having the trial court rule on his motion, and he must demonstrate the trial court failed to rule on his motion within a reasonable time. *Id*. That said, if the person files a motion *pro* se while he is represented by counsel, "a trial court is free to disregard any *pro* se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

The mandamus record must contain a sworn or certified copy of any order complained of, or any other document showing the matter complained of. *See* Tex. R. App P. 52.3(k)(1). A relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence in the appendix or record. *See* Tex. R. App. P. 52.3(j). Relator's petition is not accompanied by an appendix or a certification that complies with Rule 52.3(k)(1). Relator cites section 132.001 of the Civil Practice and Remedies Code and declares the information in his petition "is true and correct." Even though section 132.001 allows Relator to file a petition using an unsworn declaration in lieu of an affidavit, his unsworn declaration does not comply with section 132.001, which requires the statement: "I declare under penalty of perjury that the foregoing is true and correct." *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).

Further, "the return of an indictment terminates any right to an examining trial." *See State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990) (orig. proceeding). Relator states that he was indicted on December 14, 2022.

Thus, the trial court does not have a ministerial duty to conduct an examining trial. *See id.*

Relator failed to establish a right to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 29, 2023
Opinion Delivered August 30, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

4