**Opinion issued February 13, 2024**



In The

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00150-CR**

———————————

## EX PARTE ANDRE RICARDO BAILEY

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 19-DCR-088627**

---

## MEMORANDUM OPINION

Andre Ricardo Bailey, acting pro se, attempts to appeal the trial court's denial of his "Application for Writ of Habeas Corpus Requesting Dismissal of Indictment in Violation of Due Process Right to Examining Trial." We affirm.

On September 9, 2019, the grand jury returned an indictment against Baily for the felony offense of burglary of habitation. Bailey filed an application for writ of

habeas corpus on January 30, 2023, seeking dismissal of the indictment on the basis that he did not receive an examining trial. The habeas application was denied on February 15, 2023. Bailey filed a notice of appeal on February 24, 2023, challenging the denial of his habeas application.

Concerning Bailey's assertion that he failed to receive an examining trial, the code of criminal procedure provides, in relevant part: "The accused in any felony case shall have the right to an examining trial *before* indictment ...." TEX. CODE CRIM. PROC. art. 16.01 (emphasis added). At the time Bailey filed his application for writ of habeas corpus, he had already been indicted years before and, therefore, no longer had "a right" to an examining trial. *See id*. Under well-established law, "the return of an indictment terminates any right to an examining trial." *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990) (orig. proceeding).

Accordingly, we affirm the order denying Bailey's habeas application.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).