# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00290-CV

---

### In re The State of Texas, ex rel. Jennifer A. Tharp

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## O P I N I O N

Relator the State of Texas, acting by and through Jennifer Tharp, the Criminal District Attorney for Comal County, Texas, has filed a petition for writ of mandamus seeking mandamus relief against Respondent, the Honorable Gary Steel, presiding judge of the 274th District Court of Comal County, Texas. Relator prays that we order Respondent to vacate his order requiring Relator to allow a court reporter hired by defense counsel for the real party in interest, Daniel Losoya, to transcribe a video recording of a forensic interview of a child complainant. We conditionally grant the petition.

## BACKGROUND

A grand jury indicted Losoya with two counts of sexual assault of a child. *See* Tex. Penal Code § 22.011(a)(2). During Relator's investigation of the alleged offenses, the child complainant participated in a video-recorded forensic interview at a child advocacy center (CAC).

Losoya filed a motion in the district court requesting that the court permit defense counsel to hire a court reporter to transcribe the video recording. In his motion, Losoya asserted that Relator had allowed counsel to access the recording at the District Attorney's office but would not provide counsel with a copy of the video. Losoya contended that Relator's discovery obligation was governed by Texas Family Code subsection 264.408(d-1) and that the statute's text and legislative history endorsed the interpretation that it does not prohibit transcription. *See* Tex. Fam. Code § 264.408(d-1).

In relevant part, subsection 264.408(d-1) provides that electronic recordings of CAC interviews are Relator's property and that a district court

> shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce an electronic recording of an interview . . . , provided that the prosecuting attorney makes the electronic recording reasonably available to the defendant in the same manner as property or material may be made available to defendants, attorneys, and expert witnesses under Article 39.15(d), Code of Criminal Procedure.

*Id.*

The district court held a hearing on Losoya's motion at which defense counsel explained that although he could take handwritten notes while viewing the video, "that's tedious. And someone who is trained to do this . . . can do it much more efficiently than [he] can." Counsel emphasized the importance of the CAC video to the defense's trial preparation and to potential impeachment of the child's testimony.

The district court granted the motion. In its order, the court found that "transcription of the audio portion of the recording is not the same as copying, photographing, duplicating, or otherwise reproducing a video recording." The court ordered that Relator "allow a court reporter hired by defense counsel access to the recorded interview, within the confines of

2

the Comal County District Attorney's Office, for purposes of making a transcription thereof" and that "the transcript not be disclosed or disseminated beyond counsel for the prosecution and defense, their office staff, or their expert witnesses." The court also entered a protective order limiting distribution of the transcript and the number of copies that could be made and requiring that sensitive information be redacted prior to the transcript's being viewed by Losoya, witnesses, or prospective witnesses. Relator filed a petition for writ of mandamus in this Court challenging the district court's order.

**STANDARD OF REVIEW**

"To be entitled to mandamus relief, the relator must show there is no adequate remedy in law and that the sought-after act is ministerial in nature." *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023). Losoya concedes that Relator has no adequate remedy because it cannot appeal an interlocutory discovery order. *See* Tex. Code Crim. Proc. art. 44.01(a) (listing grounds on which State may appeal). Thus, we are concerned only with whether the district court's order involved a ministerial act.

"The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)). Issues of first impression can qualify for mandamus relief when they involve an unambiguous statute. *See In re Meza*, 611 S.W.3d 383, 389 (Tex. Crim. App. 2020);

3

*State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 194–95 (Tex. Crim. App. 2018).

## DISCUSSION

In its mandamus petition, Relator contends that the district court's order violates subsection 264.408(d-1) and articles 38.45 and 39.15 of the Texas Code of Criminal Procedure. *See* Tex. Fam. Code § 264.408(d-1); Tex. Code Crim. Proc. arts. 38.45, 39.15. Specifically, Relator argues that a court reporter hired by a criminal defendant is not authorized to access CAC videos under the statutes and, alternatively, that a district court is prohibited from granting a defendant's transcription request under subsection 264.408(d-1) because a transcript amounts to a copy, duplicate, or reproduction of an electronic recording of an interview. *See State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 423 (Tex. Crim. App. 1990) ("If a district judge enters an order for which he has no statutory authority, mandamus will issue.").

Citing section 264.408's legislative history and various statutes' use of the terms "copy," "transcript," "duplicate," and "reproduction," Losoya responds that a transcript is distinct from the other terms and that the legislature intended to permit transcription of CAC videos. He argues that we must presume that the legislature was aware of the frequency with which attorneys employ court reporters' services and that Relator has provided no binding authority prohibiting transcription by a court reporter under subsection 264.408(d-1).

"All statutory construction questions are questions of law, so we review them *de novo.*" *Martin v. State*, 635 S.W.3d 672, 677 (Tex. Crim. App. 2021) (citing *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019)). In interpreting a statute, we give effect to the plain meaning of its literal text, unless the statute is ambiguous or the plain meaning leads

4

to absurd results that the Legislature could not possibly have intended. *State v. Kahookele*, 640 S.W.3d 221, 225 (Tex. Crim. App. 2021); *Chambers v. State*, 580 S.W.3d 149, 155 (Tex. Crim. App. 2019). We read words and phrases in context; construe them according to normal rules of grammar and usage; presume that every word has been used for a purpose; and give effect to each word, phrase, clause, and sentence when reasonably possible. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020); *Chambers*, 580 S.W.3d at 155. "When a statute does not define a term, we construe it according to common usage." *Bittick v. State*, 707 S.W.3d 366, 369 (Tex. Crim. App. 2024). We may consult dictionaries in determining "the fair, objective meaning of undefined statutory terms." *Prichard v. State*, 533 S.W.3d 315, 320 (Tex. Crim. App. 2017).

"A statute is unambiguous when it reasonably permits only one understanding," and we "will not add to or subtract from such a statute." *Kahookele*, 640 S.W.3d at 225 (citing *State v. Schunior*, 506 S.W.3d 29, 35 (Tex. Crim. App. 2016); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). Only if the statute's language is ambiguous or the plain language would lead to absurd consequences can we review a variety of extra-textual resources, including legislative history, to determine its meaning. *Stahmann*, 602 S.W.3d at 577; *see Kahookele*, 640 S.W.3d at 225 (noting that we may consider such extratextual factors as legislative history "out of necessity"); *Boykin*, 818 S.W.2d at 785–86 (explaining that "then *and only then*, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history").

In determining whether a transcript is a copy, reproduction, or duplicate under subsection 264.408(d-1), we understand the statute to be unambiguous. *See Kahookele*,

5

640 S.W.3d at 225. Thus, in construing the meaning of subsection 264.408(d-1), we have looked to its literal text, given effect to its plain meaning, and interpreted its terms according to their common usage. *See Bittick*, 707 S.W.3d at 369.

The terms used in subsection 264.408(d-1), which are not defined in the statute or the relevant chapter of the Family Code, are at least partially synonymous. Among its many definitions, a "copy" is defined as (1) "an imitation, transcript, or reproduction of an original work," *Copy*, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/copy (last accessed June 16, 2025); (2) a "full reproduction or transcription," *Copy*, Collin Dictionary, available at https://www.collinsdictionary.com/dictionary/english/copy (last accessed June 16, 2025); (3) "an imitation, reproduction, or transcript of an original," *Copy*, Collin Dictionary, available at https://www.collinsdictionary.com/dictionary/english/copy (last accessed June 16, 2025); and (4) a "physical manifestation of something in any form or medium," *Copy*, Black's Law Dictionary (12th ed. 2024). *But see id.* (characterizing as archaic definition of "copy" as "[a] transcript of any kind").

A "reproduction" has similarly been defined as "something made by reproducing; copy, close imitation, duplication, etc." *Reproduction*, Collin Dictionary, available at https://www.collinsdictionary.com/dictionary/english/reproduction (last accessed June 16, 2025); *see Reproduce*, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/reproduce (last accessed June 16, 2025) (defining "reproduce" as "to imitate closely," "to make a representation (such as an image or copy) of," and "to translate (a recording) into sound").

The term "duplicate" is more distinct and requires a closer degree of similarity between the objects being compared. The term has been defined as (1) a "reproduction of an original document having the same particulars and effect as the original," *Duplicate*, Black's Law Dictionary (12th ed. 2024); (2) "a copy exactly like an original," *Copy*, Collin Dictionary, available at https://www.collinsdictionary.com/dictionary/english/duplicate (last accessed June 16, 2025); and (3) "either of two things exactly alike and usually produced at the same time or by the same process," *Duplicate*, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/duplicate?src=search-dict-box (last accessed June 16, 2025).

The definition of "transcript" fits comfortably with those of "copy" and "reproduction." A "transcript" means (1) "a written, printed, or typed copy," *Transcript*, Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/transcript (last accessed June 16, 2025); (2) "any copy or reproduction, esp. one that is official," *Transcript*, Collins Dictionary, available at https://www.collinsdictionary.com/dictionary/english/transcript (last accessed June 16, 2025); and (3) a "handwritten, printed, or typed copy of testimony given orally," *Transcript*, Black's Law Dictionary (12th ed. 2024); *cf. Transcribe*, Black's Law Dictionary (12th ed. 2024) ("To make a written or typed copy of"). Consequently, we conclude that a transcript of an electronic video recording of a CAC interview constitutes a copy or reproduction under the plain language of subsection 264.408(d-1).

Losoya does not argue, and we do not conclude, that interpreting subsection 264.408(d-1) to prohibit defense requests for transcription of CAC videos would lead to absurd results that the legislature could not possibly have intended. *See Kahookele*, 640 S.W.3d at 225;

7

*Chambers*, 580 S.W.3d at 155. Accordingly—and because the statute's plain language is unambiguous—we need not refer to subsection 264.408(d-1)'s legislative history or to other extratextual sources in interpreting its terms. *See Stahmann*, 602 S.W.3d at 577; *Kahookele*, 640 S.W.3d at 225. When a statute's plain language is "clear and unambiguous, our analysis ends because the Legislature must be understood to mean what it has expressed." *Bradshaw v. State*, 707 S.W.3d 412, 420 (Tex. Crim. App. 2024).

Under subsection 264.408(d-1)'s unambiguous meaning, the district court erred by granting Losoya's request for a transcript of the CAC video. The statute provides that "[a] court *shall deny* any request by a defendant to copy, photograph, duplicate, or otherwise reproduce" an electronic CAC recording if the State makes it "reasonably available to the defendant." Tex. Fam. Code § 264.408(d-1) (emphasis added). The parties agree that Relator has permitted Losoya's attorney to view the CAC video at the District Attorney's office and to take handwritten notes. There is no evidence in the record that Relator has refused any request by counsel to access the video. Relator has therefore made the video reasonably available. *See Gonzalez v. State*, 522 S.W.3d 48, 59 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (listing cases holding that "making available forensic interviews for defense counsel constitutes making the records reasonably available").

The district court's order involved a ministerial act and because the court exceeded its statutory authority, Relator has demonstrated a clear right to mandamus relief. *See In re State ex rel. Wice*, 668 S.W.3d at 671; *In re Meza*, 611 S.W.3d at 389; *In re State ex rel. Weeks*, 391 S.W.3d at 122. We need not address whether the court's order also violated article 38.45 or article 39.15 or whether there exist circumstances under which a court reporter may access a CAC video under subsection 264.408(d-1). *See* Tex. R. App. P. 47.1.

**CONCLUSION**

We conditionally grant Relator's petition for writ of mandamus and direct the district court to vacate its order requiring Relator to allow a court reporter hired by defense counsel to access the CAC video and transcribe it. The writ will issue only if the trial court fails to act in accordance with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: July 2, 2025

9