# Court of Appeals
## Tenth Appellate District of Texas

10-25-00383-CR

In re Mark Jerome Pool

Original Proceeding

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Mark Jerome Pool, proceeding pro se, filed a document claiming that he was denied his right to an examining trial.[1]  Pool also claims that the Brazos County Jail has "impeded and aided and abedded [sic]" his trust account information and court transcripts.  He requests twenty million dollars as well as immediate release from confinement and dismissal of his pending charges.  We have construed this document as a pretrial application for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.08.

---

[1] The State filed a response to Pool's pleading and attached a copy of Pool's indictment, noting that the right to an examining trial is terminated by the return of an indictment.  *See State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990).

Intermediate appellate courts do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d). Jurisdiction to grant a writ of habeas corpus in a criminal case vests with the Court of Criminal Appeals, the district courts, the county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Braswell*, 630 S.W.3d 600, 601-02 (Tex. App.—Waco 2021, orig. proceeding). Accordingly, we dismiss Pool's application for writ of habeas corpus for want of jurisdiction.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: November 6, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Dismissed
Do not publish
OT06

